UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. 20-CR-2124 MV

OLUTAYO OGUNLAJA

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Mr. Ogunlaja's Motion to Sever, which was made after the conclusion of the presentation of evidence at trial on December 19, 2024. Having considered the arguments and relevant law, and being otherwise fully informed, the Court denies Mr. Ogunlaja's motion.

Mr. Ogunlaja argued that his motion should be granted at this late stage in the case, even though he had not made a motion to sever before trial, because he did not know that Mr. Daramola would choose to testify, and even assuming he would testify, had no way of knowing what he would say on the stand. Mr. Ogunlaja also highlighted the fact that Mr. Daramola testified about government's Exhibit 38, which was late disclosed evidence. The late disclosure of Exhibit 38, which was the first disclosed evidence linking Mr. Ogunlaja and Mr. Daramola, Mr. Ogunlaja argued is another reason he did not previously move to sever. The government argued that there is no confrontation clause problem because Mr. Ogunlaja had the opportunity to and actually did cross examine Mr. Daramola. The government argued that there is no unfair prejudice, just normal prejudice in that the witness's testimony hurt Mr. Ogunlaja's case.

The Court finds that the motion to sever is not well-taken. Under Rule 14, "[i]f it appears that a defendant or the government is prejudiced by a joinder of … defendants … for trial…, the

court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires." Even when defendants rely upon "mutually exclusive defenses," a court does not have to sever their cases for trial. *Zafiro v. United States*, 506 U.S. 534, 534 (1993). Only when "there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence" is severance required. *Id.*

In this case, severance is not proper. Mr. Ogunlaja's defense at trial, for both the charges of wire fraud and conspiracy, was that he did not have fraudulent intent. Mr. Daramola, when testifying, did not at any point say that he believed Mr. Ogunlaja had fraudulent intent. In fact, Mr. Daramola's testimony, while establishing that he had communications with Mr. Ogunlaja, which was harmful to Mr. Ogunlaja's case, did not seek to accuse Mr. Ogunlaja in any way. It was really Mr. Daramola's lack of credibility, rather than any accusation he made, that may have hurt Mr. Ogunlaja's case.

Importantly, Mr. Daramola's testimony did not compromise a specific right of Mr. Ogunlaja's or harm the jury's ability to make a "reliable judgment about guilt or innocence." *Id.* Therefore, severance is not required. Mr. Ogunlaja's and Mr. Daramola's defenses were "mutually exclusive" to the extent that Mr. Ogunlaja, through counsel at closing, accused Mr. Daramola of tricking him. *Id.* Therefore, under *Zafiro*, the Court has discretion to sever or not sever. Because of the late timing of the motion, which occurred at the end of the presentation of evidence at trial, the Court in its discretion denies Mr. Ogunlaja's motion to settle. The Court notes that although Exhibit 38 was disclosed late in the discovery process, it was still disclosed more than a month before trial, leaving ample time for Mr. Ogunlaja to motion to sever before the start of trial.

**IT IS THEREFORE ORDERED** that Mr. Ogunlaja's Motion to Sever is denied consistent with this Memorandum Opinion and Order.

ENTERED this 6th day of January 2025.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE